*In re* TEODORO MALDONADO RIVERA.

*Número:* TS-6901                *Resuelto:* 31 de marzo de 2003

*Carmen H. Carlos*, directora de la Oficina de Inspección de Notarías; *Teodoro Maldonado Rivera, pro se.*

PER CURIAM: Nos encontramos ante otro caso donde un notario incumple con las disposiciones de la Ley Notarial de Puerto Rico (Ley Notarial) y el Código Civil que regulan lo referente a la identificación del testador cuando se otorga un testamento abierto.

I

La Oficina de Inspección de Notarías nos rindió un informe expositivo mediante el cual nos señaló que la inspección de los Protocolos del notario Teodoro Maldonado Rivera correspondientes a los años 1997 y 1999 fueron aprobados con deficiencias debido a que se autorizaron tres testamentos que no cumplieron con las formalidades establecidas por ley.

Conforme surge del Informe de la Inspectora de Protocolos, la Escritura Núm. 6 del Protocolo de 1997 y las Escrituras Núms. 1 y 2 del Protocolo de 1999, todas éstas de Testamentos Abiertos, no identificaron adecuadamente al testador en violación al Art. 634 del Código Civil, 31 L.P.R.A. sec. 2150; el Art. 17(c) de la Ley Notarial, 4 L.P.R.A. sec. 2035, y la Regla 30 del Reglamento Notarial de Puerto Rico (Reglamento Notarial), 4 L.P.R.A. Ap. XXIV.

Específicamente, en la Escritura Núm. 6 de 8 de mayo de 1997, el notario consignó que conocía a la testadora "por información" y, a su vez, señala que se aseguró de su identidad conforme al Art. 17(c) de la Ley Notarial, *supra.* Por su parte, las Escrituras Núm. 1 y Núm. 2 de 1999, ambas

de 27 de enero, meramente señalan que se identificó a los testadores conforme al Art. 17(c) de la Ley Notarial, *supra*. Además, la Escritura Núm. 2 del Protocolo de 1999 no contenía las iniciales del testador en el último folio de la escritura, en contravención a lo dispuesto en la Regla 34 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV.(¹) Recibido este informe, le otorgamos veinte días al licenciado Maldonado Rivera para que se expresara sobre él.

Mediante una moción en cumplimiento de orden, el licenciado Maldonado Rivera admitió las faltas señaladas y adujo que éstas se cometieron por inobservancia o error involuntario debido a que para la fecha en que se otorgaron los testamentos, su oficina utilizaba un programa de computadora de escritura de testamento el cual disponía que el notario se aseguraba de la identidad de los comparecientes por los medios establecidos en el Art. 17(c) de la Ley Notarial, *supra*. En cuanto a la ausencia de iniciales del testador en la última página del testamento, el licenciado Maldonado Rivera expresó que a pesar de que inadvertidamente el testador no la inició, esa página no contiene disposición alguna que afecte la última voluntad del otorgante, por lo que a su juicio no constituye una falta grave que anule el testamento. El licenciado Maldonado Rivera afirmó, además, que tan pronto se notificaron las referidas deficiencias intentó comunicarse con las personas que otorgaron las escrituras. En ese momento advino en conocimiento de que dos de los testadores habían fallecido.(²) Por último, subrayó que las deficiencias señaladas no han causado daños o perjuicio alguno, o motivado

---

(¹) Ante tales señalamientos, la Directora de la Oficina de Inspección de Notarías notificó al notario el informe rendido por la Inspectora de Protocolos y le solicitó que expresara las objeciones que tuviera, conforme al procedimiento establecido en las Reglas 77 a 82 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV. El licenciado Maldonado Rivera compareció, según solicitado, e indicó que *conocía personalmente a todos los testadores*, aunque no lo expresó de esa manera en las escrituras. Señaló, además, que los identificó mediante "las licencias de conducir vehículos de motor y/o tarjeta electoral", aunque no lo señaló específicamente en los testamentos.

(²) La tercera persona había otorgado un testamento posterior que revocaba el testamento suscrito por el notario Maldonado Rivera.

pleitos de impugnación en cuanto a los testamentos otorgados.

## II

El Art. 636 de nuestro Código Civil, 31 L.P.R.A. sec. 2152, dispone que será nulo el testamento en cuyo otorgamiento no se hayan observado las formalidades establecidas respectivamente para cada clase de testamento, ya que en materia de testamentos, la forma es algo solemne. Si no se cumple con esas formalidades a cabalidad, no existe propiamente un testamento.

Como es sabido, la solemnidad testamentaria a la que hacemos referencia no se refiere a requisitos insignificantes de forma, sino a aquellos que son imprescindibles y esenciales para garantizar su autenticidad y la veracidad de la voluntad del testador. Estos se conocen como "requisitos de fondo".

En cuanto al requisito de identificación, el Art. 634 del Código Civil, *supra*, dispone que el notario y dos de los testigos que autoricen el testamento deben conocer al testador, y si no lo conocen, se identificará su persona con dos testigos que le conozcan y sean conocidos del mismo notario y de los testigos instrumentales. A continuación, el Art. 635 del referido Código, 31 L.P.R.A. sec. 2151, establece que si no se pudiera identificar la persona del testador en la forma prevenida en el artículo anterior, *el notario debe declarar esa circunstancia haciendo una reseña a los documentos que el testador presente con dicho objeto y las señas personales del mismo.* De este modo, si el notario no conoce al testador, se pueden utilizar varios métodos supletorios establecidos, tanto en el Código Civil como en la Ley y el Reglamento Notarial. Véanse el citado Art. 17(c) de la Ley Notarial y la Regla 30 de su Reglamento, *supra*, que complementan ese mandato.

■ Este requisito de fe de conocimiento, según expusimos recientemente en *Deliz et als. v. Igartúa et als.*, 158 D.P.R. 403 (2003), constituye uno de los requisitos de fondo antes mencionados, cuyo incumplimiento acarrea la nulidad del testamento. Este mandato responde a que la identificación del testador se considera "una exigencia lógica e imprescindible para lograr una plena autenticidad del documento". Véase M. Albaladejo, *Comentarios al Código Civil y compilaciones forales*, Madrid, Ed. Rev. Der. Privado, 1990, T. IX, Vol. I–A, pág. 350.[3]

■ En lo que respecta a la deficiencia que consiste en la falta de las iniciales del testador al margen de la última página del testamento otorgado en la Escritura Núm. 2 de 1999, ésta infringe la Ley Notarial y su Reglamento. Respecto a ese particular, el Art. 16 de la Ley Notarial, 4 L.P.R.A. sec. 2034, requiere que los otorgantes y los testigos estampen sus iniciales en cada una de las páginas del documento. Esto es así debido a que las iniciales garantizan el consentimiento de los comparecientes en cada folio de la escritura y protegen contra actuaciones fraudulentas. *In re González Maldonado*, 152 D.P.R. 871 (2000). La Regla 45 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV, establece que dicha omisión sujeta al instrumento público a la anulabilidad.

■ La omisión del notario de dar fe de conocimiento de los testadores que comparecieron ante él, y de requerir las iniciales en todos los folios de las escrituras que otorga, no sólo infringe la ley, sino que transgrede los principios éticos que rigen la conducta profesional de los abogados-notarios en nuestra jurisdicción. *In re Ramos Vélez*, 151 D.P.R. 186 (2000). Reiteradamente hemos señalado que el requisito de conocimiento es el mecanismo para lograr una correspondencia real y legítima entre la persona y la firma,

---

[3] Dichos artículos del Código Civil español corresponden a los Arts. 634 y 635 de nuestro Código Civil, 31 L.P.R.A. secs. 2150 y 2151, respectivamente.

lo que evita la suplantación de las partes en el otorgamiento. *In re Cruz Cruz*, 126 D.P.R. 448 (1990). La comparecencia personal del otorgante, y por consiguiente su identificación, son asuntos *medulares* a la práctica de la notaría, por lo que su inobservancia ha constituido una falta seria sujeta a estrictas medidas disciplinarias. Ello, ya que esta omisión lesiona la confianza en el notario y su función pública. Véase *In re Ramos Vélez*, supra.

## III

En el caso de autos, y a pesar de que el licenciado Maldonado Rivera nos señala que conocía personalmente a los testadores, recurrió inexplicablemente al método supletorio de identificación por medio de documentos. Es decir, a pesar de que pudo haber identificado a los testadores por el método directo de identificación, los testamentos consignan, sin más, que se identificó a los otorgantes conforme al Art. 17(c) de la Ley Notarial, *supra*, sin siquiera mencionar o señalar los documentos utilizados.

■ Ya antes habíamos expresado que no se pueden mezclar ambos supuestos. Si el notario conoce a los testadores que comparecen ante sí, procede identificarlos directamente, y según lo dispuesto en el Art. 634 del Código Civil, *supra*. Si el notario no conoce personalmente a los testadores, procede acudir al segundo método de identificación, el cual dispone que se les identificará por medio de testigos de conocimiento. Sólo en casos en que el notario esté imposibilitado de identificar a los testadores por alguno de estos dos métodos, es que procede identificarlos por medio de documentos. *En tales circunstancias, el notario tiene la obligación de consignar la imposibilidad de acreditar el conocimiento directo o por testigos de conocimiento, y reseñar los documentos que utilizó bajo dicho supuesto.*

Es evidente, pues, que el licenciado Maldonado Rivera

incumplió su deber profesional al identificar inadecuadamente a los testadores que comparecieron ante él, ya que si conocía personalmente a los testadores, según señala, debió utilizar el método dispuesto en el Art. 634 del Código Civil, *supra*, y no el método supletorio expuesto en el Art. 17(c) de la Ley Notarial, *supra*. No obstante, aún la identificación por medio del Art. 17(c) fue inadecuada, ya que *no* se consigna la imposibilidad de identificar a los testadores directamente o por medio de testigos de conocimiento, ni tampoco se señalan en la escritura los documentos alegadamente utilizados para esa identificación.(4)

El notario Maldonado Rivera admite la negligencia imputada, aunque sostiene que se debió a un error provocado por un programa de notaría que se utiliza en su oficina.(5) Señala, además, que a pesar de sus intentos para contactar a las personas afectadas y enmendar sus errores, dos de los otorgantes fallecieron. No obstante, dichos testamentos, según señala, no han sido impugnados ni han causado perjuicio alguno.

Aunque no dudamos que los errores que cometió el licenciado Maldonado Rivera fueran involuntarios y por mera inobservancia, su seriedad no nos permite limitar la sanción a una mera amonestación.

A la luz de las circunstancias anteriormente reseñadas, y considerando que esta es la primera falta del licenciado Maldonado Rivera en más de veinte años de práctica, y que según nos indica el abogado sus actos no han causado daños o perjuicios alguno o motivado pleitos de impugnación de los testamentos otorgados, se decreta su suspensión del ejercicio de la notaría por treinta días.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rivera Pérez disintió sin opi-

---

(4) Cabe mencionar que tampoco se cumplió con el requisito de establecer que se utiliza dicho método por no ser posible identificar a los testadores personalmente.

(5) El licenciado Maldonado Rivera nos asegura que dicho programa ha sido corregido para evitar futuros errores.

nión escrita. El Juez Presidente Señor Andréu García no intervino.

