TS-6901                                                              1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    Teodoro Maldonado Rivera | 2003 TSPR 56<br><br>158 DPR \_\_\_\_ |

Número del Caso: TS-6901

Fecha: 31/marzo/2003

Oficina de Inspección de Notarías:
                          Lcda. Carmen H. Carlos
                          Directora

Abogado de la Parte Querellada:
                          Por Derecho Propio

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Teodoro Maldonado Rivera                          TS-6901

PER CURIAM

San Juan, Puerto Rico, a 31 de marzo de 2003.

Nos encontramos ante otro caso donde un notario incumple con las disposiciones de la Ley Notarial y el Código Civil que regulan lo referente a la identificación del testador cuando se otorga un testamento abierto.

I

La Oficina de Inspección de Notarías nos rindió un informe expositivo mediante el cual nos señaló que la inspección de los Protocolos del notario Teodoro Maldonado Rivera correspondientes a los años 1997 y 1999 fueron aprobados con deficiencias debido a que se autorizaron tres (3) testamentos que no

cumplieron con las formalidades establecidas por ley.

Conforme surge del Informe de la Inspectora de Protocolos, la Escritura Núm. 6 del protocolo de 1997 y las Escrituras Núm. 1 y 2 del protocolo de 1999, todas éstas de Testamentos Abiertos, no identificaron adecuadamente al testador en violación al Art. 634 del Código Civil, 31 L.P.R.A. § 2150; el Art. 17(c) de la Ley Notarial, 4 L.P.R.A. §2150 y la Regla 30 de su Reglamento, 4 L.P.R.A. Ap. XXIV R.30.

Específicamente, en la Escritura Núm. 6 de 8 de mayo de 1997 el notario consignó que conocía a la testadora "por información", y a su vez señala que se aseguró de su identidad conforme al Art. 17 (C) de la Ley Notarial, *supra*. Por su parte, las Escrituras Núm. 1 y Núm. 2 de 1999, ambas de 27 de enero, meramente señalan que se identificó a los testadores conforme al Art. 17(C) de la Ley Notarial, *supra*. Además, la Escritura Núm. 2 del protocolo del año 1999 no contenía las iniciales del testador en el último folio de la escritura en contravención a lo dispuesto en la Regla 34 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV R.34.[1] Recibido

---

[1] Ante tales señalamientos, la Directora de la Oficina de Notarias notificó al notario el informe rendido por la Inspectora y le solicitó que expresara las objeciones que tuviera, conforme al procedimiento establecido en las Reglas 77 a 82 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV R.77 a 82. El Lic. Maldonado Rivera compareció según solicitado, e indicó que conocía personalmente a todos los testadores, aunque no lo expresó de esa manera en las escrituras. Señaló además, que los identificó mediante "las

dicho informe, le otorgamos veinte (20) días al Sr. Maldonado Rivera para que se expresara sobre el mismo.

Mediante moción en cumplimiento de orden, el Sr. Maldonado Rivera admitió las faltas señaladas, y adujo que las mismas se cometieron por inobservancia o error involuntario debido a que para la fecha en que se otorgaron los testamentos, su oficina utilizaba un programa de computadora de escritura de testamento el cual disponía que el notario se aseguraba de la identidad de los comparecientes por los medios establecidos en la Ley Notarial, artículo 17(c), supra. En cuanto a la ausencia de iniciales del testador en la última página del testamento, el licenciado Maldonado Rivera expresó que a pesar de que inadvertidamente el testador no la inició, dicha página no contiene disposición alguna que afecte la última voluntad del otorgante, por lo que a su juicio, no constituye una falta grave que anule el testamento. El Lic. Maldonado Rivera afirmó además que tan pronto se notificaron las referidas deficiencias intentó comunicarse con las personas que otorgaron las escrituras, en cuyo momento advino en conocimiento de que dos de los testadores habían fallecido.[2] Por último, subrayó que las deficiencias señaladas no han causado

---

licencias de conducir vehículos de motor y/o tarjeta electoral" aunque no lo señaló específicamente en los testamentos.

[2] La tercera persona había otorgado un testamento posterior que revocaba el testamento suscrito por el notario Maldonado Rivera.

daños o perjuicio alguno, o motivado pleitos de impugnación en cuanto a los testamentos otorgados.

## II

El Art. 636 de nuestro Código Civil dispone que será nulo el testamento en cuyo otorgamiento no se hayan observado las formalidades respectivamente establecidas para cada clase de testamento, 31 L.P.R.A. 2152. Ello, ya que en materia de testamentos, la forma es algo solemne. Si no se cumple con dichas formalidades a cabalidad, no existe propiamente un testamento.

Como es sabido, la solemnidad testamentaria a la que hacemos referencia no se refiere a requisitos insignificantes de forma, sino a aquellos que sean imprescindibles y esenciales para garantizar su autenticidad y la veracidad de la voluntad del testador. Estos se conocen como requisitos de fondo.

En cuanto al requisito de identificación, el Art. 634 del Código Civil, *supra*, dispone que el notario y dos de los testigos que autoricen el testamento deberán conocer al testador, y si no lo conocieren, se identificará su persona con dos testigos que le conozcan y sean conocidos del mismo notario y de los testigos instrumentales. A continuación, el Art. 635 del referido Código, 32 L.P.R.A. § 2151 establece que, si no pudiere identificarse la persona del testador en la forma prevenida en el artículo anterior, **el notario deberá**

**declarar esa circunstancia, reseñando los documentos que el testador presente con dicho objeto y las señas personales del mismo**. De este modo, si el testador no es conocido por el notario, el mismo podrá ser identificado por varios métodos supletorios establecidos tanto en el Código Civil, como en la Ley y el Reglamento Notarial. Véase, el Art. 17(c) de la Ley Notarial y la Regla 30 de su reglamento que complementan dicho mandato, *supra*.

Este requisito de fe de conocimiento, según expusimos recientemente en <u>Deliz Muñoz v. Igartúa Muñoz</u>, res. el 23 de enero de 2003, 2003 T.S.P.R. 4, constituye uno de los requisitos de fondo antes mencionados, cuyo incumplimiento acarrea la nulidad del testamento. Dicho mandato responde a que la identificación del testador se considera "una exigencia lógica e imprescindible para lograr una plena autenticidad del documento". Véase, Francisco Lucas Fernández, <u>Comentarios al Código Civil y Compilaciones Forales,</u> Revista de Derecho Privado, Tomo IX, Vol. I, Pág. 350, Art. 685 y 686.[3]

En lo que respecta la deficiencia que consiste en la falta de las iniciales del testador al margen de la última página del testamento otorgado en la Escritura Núm. 2 de 1999, la misma infringe la Ley Notarial y su Reglamento. Respecto a ese particular el Art. 16 de la Ley Notarial, 4 L.P.R.A. 2034, requiere que los

---

[3] Dichos artículos del Código Civil Español corresponden a los artículos 634 y 635 de nuestro Código Civil.

otorgantes y los testigos estampen sus iniciales en cada una de las páginas del documento. Esto es así debido a que las iniciales garantizan el consentimiento de los comparecientes en cada folio de la escritura y protegen contra actuaciones fraudulentas. In re: González Maldonado, res. el 20 de diciembre de 2000, 2000 T.S.P.R. 192. La Regla 45 del Reglamento Notarial establece que dicha omisión sujeta al instrumento público a anulabilidad.

La omisión del notario de dar fe de conocimiento de los testadores que comparecieron ante sí, y de requerir las iniciales en todos los folios de las escrituras que otorga, no sólo infringe la ley, sino que transgrede los principios éticos que rigen la conducta profesional de los abogados-notarios en nuestra jurisdicción. In re: Ramos Vélez, res. el 1 de junio de 2000, 2000 T.S.P.R. 82. Reiteradamente hemos señalado que el requisito de conocimiento es el mecanismo para lograr una correspondencia real y legítima entre la persona y la firma, lo que evita la suplantación de las partes en el otorgamiento. In re: Cruz Cruz, 126 D.P.R. 448 (1990). La comparecencia personal del otorgante, y por consiguiente la identificación del mismo, son asuntos medulares a la práctica de la notaría por lo que su inobservancia ha constituido una falta seria sujeta a estrictas medidas disciplinarias. Ello, ya que dicha omisión lesiona la

confianza en el notario y la función pública en él investida. Véase, In re: Ramos Vélez, *supra*.

III

En el caso de autos, y a pesar que el licenciado Maldonado Rivera nos señala que conocía personalmente a los testadores, el mismo recurrió inexplicablemente al método supletorio de identificación por medio de documentos. Es decir, a pesar de que pudo haber identificado a los testadores por el método directo de identificación, los testamentos consignan, sin más, que se identificó a los otorgantes conforme al Art. 17(C) de la Ley Notarial, *supra*, sin siquiera mencionar o señalar los documentos utilizados.

Ya antes habíamos expresado que no se pueden mezclar ambos supuestos. Si el notario conoce a los testadores que comparecen ante sí, procede identificarles directamente, y según lo dispuesto en el Art. 634 del Código Civil, *supra*. Si el notario no conoce personalmente a los testadores, procede acudir al segundo método de identificación el cual dispone que se les identificará por medio de testigos de conocimiento. Sólo en casos en que el notario esté imposibilitado de identificar a los testadores por alguno de estos dos métodos, es que procede identificarlos por medio de documentos. En tales circunstancia, el notario tiene la obligación de consignar la imposibilidad de acreditar el

conocimiento directo o por testigos de conocimiento, **y reseñar los documentos que utilizó bajo dicho supuesto.**

Es evidente pues, que el Lic. Maldonado Rivera incumplió su deber profesional al identificar inadecuadamente a los testadores que comparecieron ante sí. Ello ya que si conocía personalmente a los testadores, según señala, debió utilizar el método dispuesto en el Art. 634 del Código Civil, *supra*, y no el método supletorio expuesto en el Art. 17(C) de la Ley Notarial, *supra*. No obstante, aún la identificación por medio del Art. 17(C) fue inadecuada ya que <u>no</u> se consigna la imposibilidad de identificar a los testadores directamente o por medio de testigos de conocimiento, ni tampoco se señalan en la escritura los documentos alegadamente utilizados para dicha identificación.[4]

El notario Maldonado Rivera admite la negligencia imputada, aunque sostiene que los mismos se debieron a un error provocado por un programa de notaría que se utiliza en su oficina.[5] Señala además que a pesar de sus intentos para contactar a las personas afectadas y enmendar sus errores, dos de los otorgantes fallecieron. No obstante, dichos testamentos, según señala, no han sido impugnados ni han causado perjuicio alguno.

---

[4] Cabe mencionar que tampoco se cumplió con el requisito de establecer que se utiliza dicho método por no ser posible identificar a los testadores personalmente.

[5] El Lic. Maldonado Rivera nos asegura que dicho programa ha sido corregido para evitar futuros errores.

Aunque no dudamos que los errores cometidos por el licenciado Maldonado Rivera fueran cometidos involuntariamente y por mera inobservancia, la seriedad de los mismos no nos permite limitar su sanción a una mera amonestación.

A la luz de las circunstancias anteriormente reseñadas, y considerando que esta es la primera falta del licenciado Maldonado Rivera en más de veinte (20) años de práctica y que según nos indica el abogado sus actos no han causado daños o perjuicios alguno o motivado pleitos de impugnación de los testamentos otorgados, se decreta su suspensión del ejercicio de la notaría por treinta (30) días.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Teodoro Maldonado Rivera                    TS-6901

SENTENCIA

San Juan, Puerto Rico, a 31 de marzo de 2003.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte integrante de la presente, se dicta sentencia y se suspende al Lic. Teodoro Maldonado Rivera del ejercicio de la notaría por un término de treinta (30) días.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez disiente sin opinión escrita. El Juez Presidente señor Andréu García no intervino.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo